IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-HC-02100-M-RJ

CHARLES EDWARD RIFFLE,     )
    )
    Petitioner,     )
    )
    v.     )     ORDER
    )
UNNAMED RESPONDENT,     )
    )
    Respondent.     )

On May 29, 2026, Charles Edward Riffle ("petitioner"), an inmate at F.C.I. Petersburg, filed *pro se* a letter that the court liberally construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1] (asking the court to see if he could start getting First Step Act ("FSA") "time credits" applied to his sentence); see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (noting that courts "classify pro se pleadings from prisoners according to their contents, without regard to their captions.").

On June 4, 2026, the court: directed petitioner to refile his petition on the forms prescribed for use by the court, and to either pay the filing fee or file a motion to proceed without prepayment of fees; and warned petitioner that the court may dismiss this action without prejudice for failure to prosecute if he failed to correct these deficiencies within 21 days. See Order [D.E. 3].

Although petitioner timely paid the filing fee, he failed to refile his petition on the forms prescribed for use by the court and the time to do so has passed. Accordingly, the court dismisses this action without prejudice for failure to prosecute. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989); see also Clack v. Rappahannock Reg'l Staff, 590 F. App'x 291, 291–92 (4th Cir. 2015) (per curiam) (unpublished).

Alternatively, the court cannot review petitioner's claims under § 2241 because such a petition is properly brought in his district of present confinement – the Eastern District of Virginia. 28 U.S.C. §§ 127(a), 2241(a); see Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004); Kanai v. McHugh, 638 F.3d 251, 255, 258 (4th Cir. 2011). The court, however, declines to transfer this action to the United States District Court for the Eastern District of Virginia. Cf. 28 U.S.C. § 1631 ("[T]he court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . ."); see Phillips v. Seiter, 173 F.3d 609, 610–11 (7th Cir. 1999) (noting, "a court is authorized to consider the consequences of a transfer" and may "take a peek at the merits" to not "raise false hopes and waste judicial resources by transferring a case that is clearly doomed"); Manigan v. Felts, No. CIV.A. 5:06-CV-00350, 2007 WL 2470350, at *2 (S.D.W. Va. Aug. 28, 2007) (noting, before transferring a § 2241 petition, a court "must consider the sufficiency of Petitioner's claims to determine whether dismissal or transfer to the jurisdiction who has legal authority to effectuate Petitioner's release is required").

Under the FSA, by participating in approved programming, an eligible inmate may earn "time credits" that reduce the custodial portion of a sentence. See 18 U.S.C. §§ 3621(h)(2), 3632(d)(4)(A), (D). Inmates serving a sentence for a conviction under § 924(c), however, are statutorily ineligible to receive "time credits." 18 U.S.C. § 3632(d)(4)(D)(xxii) ("A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime"); 28 C.F.R. § 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits").

2

Publicly available records in petitioner's criminal case show that he pleaded guilty to, and was sentenced for, among other things, Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(i). See United States v. Riffle, No. 5:21-cr-00107-FL (E.D.N.C.), Indictment [D.E. 1] (Mar. 2, 2021), Mem. of Plea Agreement [D.E. 41] (Sept. 15, 2021), J. [D.E. 57] (June 15, 2022).

Thus, because petitioner is serving a sentence for, among other things, a conviction under § 924(c), he is statutorily ineligible to receive FSA "time credits." See, e.g., Keeling v. Lemaster, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) (affirming district court's denial of a § 2241 petition seeking FSA "time credits" where petitioner's aggregate sentence included a sentence for a § 924(c) conviction); McNeill v. Ramos, No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) (per curiam) (unpublished) (affirming the dismissal without prejudice of a § 2241 petition where the district court found petitioner was statutorily ineligible for FSA "time credits" under § 3632(d)(4)(D) because he was serving an aggregate term of imprisonment that included a § 924(c) conviction); Sok v. Eischen, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (affirming the district court's finding that an § 2241 petitioner ineligible to earn FSA "time credits" based on his conviction under § 924(c) where the Federal Bureau of Prisons "correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits"); Goodman v. Sage, No. 4:22-CV-00981, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (finding that denial of FSA "time credits" for an inmate serving a sentence under § 924(c) was mandated by statute, not merely by BOP policy); Eubanks v. Young, No. 5:21-CV-00351, 2022 WL 2398521, at *5 (S.D.W. Va. May 5, 2022) (finding a § 2241 petitioner serving a sentence under § 924(c) was statutorily ineligible for FSA "time credits"),

3

report and recommendation adopted, No. 5:21-CV-00351, 2022 WL 2400048 (S.D.W. Va. July 1, 2022); Allen v. Hendrix, No. 219CV00107BSMJTR, 2019 WL 8017868, at *3 (E.D. Ark. Dec. 13, 2019) (finding a § 2241 petitioner was "*ineligible* to earn *any* [FSA] time credits for completing evidence-based recidivism reduction programs as a result of his [§ 924(c)] conviction" (emphasis original)), report and recommendation adopted, No. 2:19-CV-00107-BSM, 2020 WL 890396 (E.D. Ark. Feb. 24, 2020).

Thus, because petitioner is statutorily ineligible for the relief he seeks, the court, in its discretion, finds that it is not in the interest of justice to transfer this § 2241 petition to the United States District Court for the Eastern District of Virginia. 28 U.S.C. § 1631; see Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) ("Congress has explicitly granted the district courts discretion over transfers under section 1631."); see also Phillips, 173 F.3d at 610–11; cf. United States v. McNeill, 523 F. App'x 979, 984 (4th Cir. 2013) (per curiam) (unpublished); Shaw v. United States, 417 F. App'x 311, 312 (4th Cir. 2011) (per curiam) (unpublished).

In sum, the court DISMISSES WITHOUT PREJUDICE this § 2241 petition [D.E. 1], and DENIES a Certificate of Appealability, see 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case. SO ORDERED this 10th day of July, 2026.

RICHARD E. MYERS II
Chief United States District Judge

4